## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**COLIN SPEER, on behalf of himself
and all similarly-situated individuals,**

     **Plaintiffs,**

**v.**                              **Case No.:**

**WHOLE FOODS MARKET GROUP, INC.,**

     **Defendant.**

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, COLIN SPEER, by and through his attorneys, and on behalf of himself, the Putative Class set forth below, and in the public interest, brings the following Class Action Complaint as of right against WHOLE FOODS MARKET GROUP, INC. ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

### SUPPORTING FACTS AND ALLEGATIONS

1.     Defendant owns and operates fast grocery stores throughout Florida, and the country, selling and promoting healthy, high-end food items and products.

2.     Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently rely on such information, in whole or in part, as a basis for adverse employment action, such as termination, reduction of hours, change in position, failure to hire, and failure to promote.

3.     While the use of consumer report information for employment purposes is not *per se* unlawful, it is subject to strict disclosure and authorization requirements under the FCRA.

4.     Defendant willfully violated these requirements in multiple ways in systematic violation of Plaintiff's rights and the rights of other putative class members.

5.     Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this subsection of the FCRA, Defendant is required to disclose to its employees – *in a document that consists solely of the disclosure* – that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. Defendant willfully violated this requirement by failing to provide Plaintiff with a copy of a document that document that consists solely of the disclosure that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. This practice violates longstanding regulatory guidance from the Federal Trade Commission ("FTC").

6.     Additionally, also in violation of 15 U.S.C. § 1681b(b)(2)(A)(i) Defendant unlawfully inserted liability release provisions into forms purporting to grant Defendant authority to obtain and use consumer report information for employment purposes. The FCRA forbids this practice, requiring that forms granting the authority to access and use consumer report information for employment purposes be "stand alone forms" and not include any additional agreements. Defendant's decision to include a liability release provision in its authorization forms is contrary to the plain language of the FCRA and to unambiguous regulatory guidance from the Federal Trade Commission.

7.     As a result, Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without proper

authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

8.      Based on the foregoing violations, Plaintiff asserts FCRA claims against Defendant on behalf of himself and the putative class of Defendant's employees, and prospective employees.

9.      In Counts One and Two, Plaintiff asserts a pair of FCRA claims under 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) on behalf of a "Background Check Class" consisting of all employees or prospective employees of Defendant in the United States who were the subject of a consumer report that was procured by Defendant (or that Defendant caused to be procured) for the five years preceding the filing of this Complaint.

10.     On behalf of himself and the Putative Class, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief pursuant to the FCRA.

11.     Individual and representative Plaintiff Colin Speer ("Plaintiff") is a resident of Hillsborough County, Florida.  Plaintiff is a former employee of Defendant, and is a member of the Putative Class defined below.

12.     Plaintiff worked for Defendant at its Tampa, Florida, location until his termination on June 20, 2013.  Before he started working for Defendant, Plaintiff filled out Defendant's online background information and consent form which contains the illegal FCRA waiver.  This was done prior to the expiration of the applicable FCRA statute of limitations.

13.     Defendant then ran a background checking constituting a consumer report, as defined by the FCRA, on Plaintiff.

14.     The background check run by Defendant was illegal and performed in violation

of the FCRA.

## JURISDICTION AND VENUE

15.     This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331.  The Court has also jurisdiction under the FCRA, 15 U.S.C. §1681n and 1681p.

16.     Venue is proper in the United States District Court, District of Florida, pursuant to 28 U.S.C. § 1391.  Plaintiff resides in Tampa, Florida, worked for Defendant in Tampa, Florida, and his claims arise, in substantial part, in Tampa, Florida.  Defendant regularly conducts business in Tampa, Florida and is subject to personal jurisdiction in this district.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

### *Background Checks*

17.     Defendant conducts background checks on many of its job applicants as part of a standard screening process.  In addition, Defendant also conducts background checks on existing employees from time-to-time during the course of their employment.

18.     Based on information and belief, Defendant does not perform these background checks in-house.  Rather, Defendant relies on an outside consumer reporting firms to obtain this information and report it to Defendant.  These reports constitute "consumer reports" for purposes of the FCRA.

### *FCRA Violations Relating to Background Check Class*

19.     Defendant procured a consumer report information on Plaintiff in violation of the FCRA.

20.     Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(i)     a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (emphasis added).

21.     Defendant failed to satisfy these disclosure and authorization requirements.

22.     Based upon information and belief, Defendant does not have a stand-alone FCRA disclosure or authorization form.

23.     This practice violates the plain language of the statute, and flies in the face of unambiguous case law and regulatory guidance from the FTC. *See, e.g., E.E.O.C. v. Video Only, Inc.*, No. 06-1362, 2008 WL 2433841, at *11 (D.Or. June 11, 2008) ("I grant summary judgment of liability that Video Only violated . . . 15 § 1681b(b)(2)(A)(I). This section provides that at any time before the report is procured, a disclosure is made in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes. Video Only disclosed this possibility as part of its job application, which is not a document consisting solely of the disclosure.")

24.     Additionally, Defendant's Background Check Disclosure form discloses that Defendant intends to conduct a background check and, at the same time, purports to release Defendant from any liability related to the background check.

25.     The inclusion of this release provision in the Background Check Disclosure form violates the FCRA.

26.     The "inclusion of such a waiver [of liability] in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the

disclosure that a consumer report may be obtained for employment purposes." *See* Exhibit B.

27.     Defendant willfully disregarded case law and regulatory guidance and willfully violated 15 U.S.C. §§ 1681b(b)(2)(A) by procuring consumer report information on employees without complying with the disclosure and authorization requirements of the statute.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff asserts claims in Counts 1 and 2 on behalf of a Putative Background Check Class defined as follows:

> **Proposed Class:** All Whole Foods' employees or prospective employees in the United States who were the subject of a consumer report that was procured by Whole Foods within five years of the filing of the complaint through the date of final judgment in this action.

29.     Numerosity:  The Putative Class is so numerous that joinder of all Class members is impracticable.  Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information in the hiring process.  Plaintiff is informed and believes that during the relevant time period, thousands of Defendant's employees and prospective employees satisfy the definition of the Putative Class.

30.     Typicality:  Plaintiff's claims are typical of the members of the Putative Class. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees.  The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

31.     Adequacy:  Plaintiff will fairly and adequately protect the interests of the Putative Class, and has retained counsel experienced in complex class action litigation.

32.     Commonality:  Common questions of law and fact exist as to all members of the

Putative Class and predominate over any questions solely affecting individual members of the

Putative Class, including but not limited to:

a.   Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

b.   Whether Defendant's background check practices and/or procedures comply with the FCRA, including as to its "release" of liability;

c.   Whether Defendant violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

d.   Whether Defendant violated the FCRA by procuring consumer report information based on invalid authorizations;

e.   Whether Defendant's violations of the FCRA were willful;

f.   The proper measure of statutory damages; and

g.   The proper form of injunctive and declaratory relief.

33.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1)

because prosecution of actions by or against individual members of the Putative Class would

result in inconsistent or varying adjudications and create the risk of incompatible standards of

conduct for Defendant. Further, adjudication of each individual Class member's claim as

separate action would potentially be dispositive of the interest of other individuals not a party to

such action, impeding their ability to protect their interests.

34.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2)

because Defendant acted or refused to act on grounds that apply generally to the Putative

Class, so that final injunctive relief or corresponding declaratory relief is appropriate

respecting the Class as a whole.

35.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because

questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA.  Members of the Putative Class do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

36.    Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23. The names and addresses of the Putative Class members are available from Defendant's records.

## FIRST CLAIM FOR RELIEF
### Failure to Make Proper Disclosure in Violation of FCRA
### 15 U.S.C. § 1681b(b)(2)(A)(i)

37.    Plaintiff alleges and incorporate by reference the allegations in the preceding paragraphs.

38.    In violation of the FCRA the background check Defendant required the Background Check Class to complete as a condition of its employment with Defendant does not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) because Defendant failed to provide a stand-alone document as to the consumer report information being obtained and utilized.  Furthermore, the background check document provided by Defendant includes an

extraneous release and that violates the FCRA, as well as "at will" employment information.

39.     Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i).

40.     The foregoing violations were willful. Defendant knew it was required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on the Background Check Class members.  Unfortunately, Defendant did nothing to correct their illegal FCRA practices.  By failing to do so Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(i).  Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained or had available substantial written materials which apprised them of their duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

41.     Plaintiff and the Background Check Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

42.     Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CLAIM FOR RELIEF

### Failure to Obtain Proper Authorization in Violation of FCRA
### 15 U.S.C. § 1681b(b)(2)(A)(ii)

43.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

44.     Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without proper authorization. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii).

45.     The foregoing violations were willful.  Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii).  Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained or had available substantial written materials which apprised them of their duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

46.     Plaintiff and the Background Check Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

47.     Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

48.     ***WHEREFORE***,  Plaintiff and  the  Putative Class pray for relief as follows:

      A.     Determining that this action may proceed as a class  action  under Rule 23(b)(1), and  (2) and (3) of the Federal Rules of Civil Procedure;

      B.     Designating  Plaintiff  as  class  representative  and  designating

Plaintiff's counsel as counsel for the Putative Class;

C.      Issuing proper notice to the Putative Class at Defendant's expense;

D.      Declaring that Defendant committed multiple, separate violations of the FCRA;

E.      Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

F.      Awarding statutory damages as provided by the FCRA, including punitive damages;

G.      Awarding reasonable attorneys' fees and costs as provided by the FCRA;

H.      Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

49.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Putative Class demand a trial by jury.

Dated this 4th day of December, 2014.

Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar Number: 053643
Direct No.: 813-379-2565
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
Email: mkimbrou@wfclaw.com
Email: jriley@wfclaw.com
**Attorneys for Plaintiff**