UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
<u>TAMPA DIVISION</u>

COLIN SPEER,                                            CASE NO. 8:14-CV-3035-RAL-TBM

      Plaintiff,

v.

WHOLE FOODS MARKET GROUP, INC.,

      Defendant.
_____/

**<u>DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND INCORPORATED MEMORANDUM OF LAW</u>**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 3.01, Defendant, WHOLE FOODS MARKET GROUP, INC. ("Defendant" or "Whole Foods"), by and through undersigned counsel, respectfully moves this Court to dismiss Plaintiff, COLIN SPEER's, Class Action Complaint and Demand for Jury Trial ("Complaint") in its entirety because it fails to state a claim upon which relief can be granted. In support of this request, Defendant states as follows:

**<u>INTRODUCTION</u>**

As alleged in Plaintiff's Complaint, Whole Foods employed the Plaintiff for a period of time and until on or about June 20, 2013. Plaintiff admits that Whole Foods terminated his employment, but makes absolutely no allegation(s) that the termination of his employment was a result of, or at all related to, Whole Foods obtaining a background check and/or consumer report on or about him. Plaintiff also claims no actual damages by way of the instant lawsuit. Regardless, Plaintiff has now sued Whole Foods, on behalf of himself and a putative class, asserting two claims for relief under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, specifically (1) that Whole Foods violated the FCRA by failing to make a proper disclosure to Plaintiff in violation of 15 U.S.C. § 1681b(b)(2)(A)(i) and (2) that Whole Foods

1

failed to obtain proper authorization from Plaintiff in order to procure a consumer report on or about Plaintiff in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).  Plaintiff makes no allegations regarding the use of this consumer report information in any employment-related decision-making by Defendant and claims no actual damages.

The heart of Plaintiff's allegations is found in Paragraph nos. 5, 6, and 7 of Plaintiff's Complaint, which are then generally mirrored in Plaintiff's First and Second "Claim[s] for Relief" (Paragraph nos. 37-47).  In Paragraph no. 5 of his Complaint, Plaintiff recites the FCRA's alleged stand-alone requirement for the disclosure that employers must provide to their employees in order to obtain a consumer report on them for employment purposes, and then alleges that Defendant willfully violated this stand-alone disclosure requirement by failing to provide the Plaintiff with a document that consisted solely of a stand-alone disclosure.  In Paragraph no. 6, and still referencing 15 U.S.C. §1681b(b)(2)(A)(i), Plaintiff expounds on this allegation of Defendant's (alleged) failure to provide a stand-alone disclosure by claiming that the disclosure form provided by Defendant to Plaintiff included a liability release, albeit now also referencing Defendant's alleged "authorization forms".[1]  Plaintiff's "First Claim for Relief", found in Paragraph nos. 37-42, makes these same allegations regarding Whole Foods' disclosure, *i.e.*, it is not stand-alone and contains a liability release, and also contends that the disclosure contains " 'at will' employment information".  (*See* Pl.'s Compl. ¶38.)  Finally, in Paragraph nos. 7 and 43-47, and as a result of the foregoing alleged improprieties, Plaintiff contends that Whole Foods violated 15 U.S.C. §1681b(b)(2)(A)(ii) because it obtained consumer reports on Plaintiff

---

[1] It is actually within Paragraph no. 6 of Plaintiff's Complaint that Plaintiff begins to conflate the FCRA disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) with the FCRA's authorization/consent requirement of 15 U.S.C. §1681b(b)(2)(A)(i).  It is ultimately this apparent desire to comingle the FCRA's stand-alone disclosure requirement with its authorization requirement that is fatal to Plaintiff's Complaint.

2

(and other putative class members) without proper authorization allegedly due to the improper disclosures.

Whole Foods respectfully submits that the District Court should dismiss Plaintiff's Complaint because, based on the actual disclosure and authorization/consent forms provided to, and executed by, Plaintiff, Whole Foods complied with the FCRA provisions referenced above and cited in Plaintiff's Complaint. Moreover, because Plaintiff has not alleged any actual damages, but instead seeks statutory damages (along with punitive damages and attorney's fees), he must plead and prove willfulness on the part of Defendant in order to prevail. And, under the clear standard established by the Supreme Court in *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007), Plaintiff's Complaint fails to state facts that could support a finding of willfulness.[2] *See also Syed v. M-I LLC*, No. 1:14-742 WBS BAM, 2014 WL 5426862 (E.D. Cal. October 23, 2014) (dismissing plaintiff's FCRA "Disclosure Claim" against defendant, M-I LLC, on a Rule 12(b)(6) motion to dismiss, even when the actual FCRA disclosure form included release and indemnity language, because "[n]one of the legal authority cited by the plaintiff suffices to make [defendant's] understanding of its obligation under the FCRA at the relevant time objectively unreasonable. Given this 'dearth of authority' and the 'less-than-pellucid' statutory text, the court finds no support for plaintiff's allegations of willfulness and it must grant [defendant's] motion to dismiss.").

## ARGUMENTS AND AUTHORITIES

### A.     Legal standard for a Federal Rule of Civil Procedure 12(b)(6) motion

In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept the factual allegations set forth in the Complaint as true. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949

---

[2] Defendant also notes, in support of dismissal, that Plaintiff's allegations do not even appear to contemplate the actual forms at issue, which were provided to Plaintiff's counsel after Defendant was served with the instant lawsuit.

3

(2009); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n. 1 (2002); *see also Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002). While "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Bell v. J.B. Hunt Transp., Inc.*, 427 Fed. App'x 705, 707 (11th Cir. 2011) (quoting *Jackson v. BellSouth Telecomm'ns*, 372 F. 3d 1250, 1263 (11th Cir. 2004) (internal quotation marks omitted)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[M]ere conclusory statements do not satisfy *Twombly's* … standard." *Jacobs v. Biando*, No. 13-13405, 2014 WL 6613158, at *3 (11th Cir. Nov. 24, 2014) (citations omitted). Therefore, a court should dismiss a complaint for failure to state a claim when the complaint is based on conclusory statements, rather than allegations of specific facts. *Jacobs*, at *2 (citing *Iqbal*, 129 S.Ct. at 1949 and *Twombly*).

"[T] he Court must evaluate a complaint on two dimensions to determine whether it states a claim. First, the Court must determine whether the complaint addresses all the material elements necessary to recovery under some legal theory. Second, the Court must determine whether the complaint addresses these elements with factual material sufficient to raise a right to

4

relief beyond mere speculation." *Allmond v. Bank of Am.*, 2008 WL 205320, at *3 (M.D. Fla. Jan. 23, 2008).

Finally, under Rule 12(b)(6), "[a] document not attached to the Complaint … may be considered by the Court without converting the motion to dismiss into a motion for summary judgment if that document is (1) central to the plaintiff's claims and (2) undisputed, meaning that the authenticity of the document is not challenged." *Hodge v. Orlando Util. Comm'n*, No. 6:09-cv-1059-Orl-19DAB, 2009 WL 5067758, *3 & n. 2 (M.D. Fla. Dec. 15, 2009) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)); *see also Grimm v. U.S. Bank Nat'l Ass'n*, No. 5:14-cv-51-Oc-30PRL, 2014 WL 6685347, *2 & n. 7 (M.D. Fla. Nov. 25, 2014) (citing *Day* and considering mortgage note without converting motion to dismiss into motion for summary judgment because it was central to the complaint). Moreover:

> [W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.

*Brooks v. Blue Cross & Blue Shield of Florida, Inc.,* 116 F.3d. 1364, 1369 (11th Cir. 1997) (citations omitted).

Here, Plaintiff's Complaint alleges that Whole Foods failed to comply with the FCRA's disclosure and authorization requirements. Plaintiff's Complaint purports to specifically reference the alleged authorization and disclosure form(s) provided to Plaintiff, referring to it/them as "Defendant's Background Check Disclosure form," which Plaintiff further contends also "purports to release Defendant from any liability related to the background check." (*See* Pl.'s Compl. ¶24.) However, Plaintiff does not actually attach these allegedly improper and offensive form(s) to his Complaint. Regardless, upon receipt of the Plaintiff's Complaint, Whole

5

Foods provided Plaintiff with copies of [1] a "Disclosure Statement" signed by the Plaintiff on March 11, 2011 and [2] a "Consent and Release of Information Authorization" also signed by the Plaintiff on March 11, 2011.  Because these FCRA disclosure and authorization forms [1] are, albeit inaccurately, referred to in Plaintiff's Complaint, [2] are entirely central to Plaintiff's claims herein, and [3] have not had their authenticity disputed by the Plaintiff, this District Court may consider the referenced forms in connection with this motion to dismiss without converting the motion into a motion for summary judgment.  For that purpose, Whole Foods attaches the "Disclosure Statement" signed by the Plaintiff on March 11, 2011 as Exhibit "A" and the "Consent and Release of Information Authorization" signed by the Plaintiff on March 11, 2011 as Exhibit "B."

      **1.    Whole Foods' "Disclosure Statement", attached hereto as Exhibit A, complies with Section 1681b(b)(2)(A)(i) of the FCRA.**

As alleged by the Plaintiff, Section 1681b(b)(2)(A)(i) of the FCRA provides that an employer may not procure a consumer report unless "a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes[.]"

Whole Foods' "Disclosure Statement", a true and correct copy of which is attached hereto as Exhibit A, fully complies with all of the foregoing FCRA disclosure requirements. And, by way of his signature, Plaintiff signified receipt of this disclosure statement on March 11, 2011.  Consistent with the FCRA disclosure requirements, a simple review of the attached Disclosure Statement (Exhibit A) reveals that [1] it is clear and conspicuous, [2] it is in writing, [3] it *consists solely of the disclosure*, and [4] it states that the information "may be obtained from personal interviews or other sources in connection with your application for employment or

for any purpose at any time during your employment." Exhibit A. The text is of normal size, is noticeable, readable and understandable, and clearly and plainly identifies to Plaintiff that Whole Foods may obtain a consumer report for employment purposes.

However, in his Complaint, Plaintiff alleges that Defendant's FCRA disclosure form contains a liability release/waiver and/or at-will employment information, thereby rendering it incompatible with the FCRA's requirements. As is evident from the "Disclosure Statement" attached as Exhibit A and signed by the Plaintiff, it contains none of these allegedly offensive elements and the Plaintiff's allegations regarding the "Disclosure Statement" are blatantly false. Therefore, a under a plain reading of the statute Defendant is alleged to have violated, 15 U.S.C. §1681b(b)(2)(A)(i), Whole Foods' "Disclosure Statement" fully complies with the mandates of the FCRA.

Moreover, although not presently alleged by the Plaintiff, should he attempt to assert that any explanatory text accompanying the stand-alone disclosure somehow renders the stand-alone disclosure inconspicuous, that argument has been rejected both by courts and the Federal Trade Commission (FTC):

> Including the explanatory language alongside the disclosure is logical, given their relationship, and the Court cannot conclude that the presence of the former renders the latter inconspicuous. *See Cafarelli v. Yancy*, 226 F.3d 492, 499 (6th Cir. 2000) ("[we must interpret] all statutes … 'as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statue inconsistent, meaningless or superfluous.'") (quoting *Lake Cumberland Trust, Inc. v. EPA*, 954 F. 2d 1218, 1222 (6th Cir. 1992)).

*Burghy v. Dayton Racquet Club, Inc.,* 695 F. Supp. 2d 689, 699 (S.D. Ohio 2010). *See also* Joint Publication of EEOC and FTC, *Background Checks: What Employers Need to Know*, http://www.eeoc.gov/eeoc/publications/background_checks_employers.cfm (FTC noting that minor additional information, including a brief description of the nature of consumer reports,

7

may be included in an FCRA disclosure). In light of Whole Foods' actual "Disclosure Statement" signed by the Plaintiff and attached hereto as Exhibit A, Plaintiff, on behalf of himself and the putative class, is not able to craft an alleged claim upon which relief can be granted.

### 2. Whole Foods complied with Section 1681b(b)(2)(A)(ii) of the FCRA and obtained the proper authorization to procure a "Consumer Report" on the Plaintiff.

Although absent from its "Disclosure Statement", Whole Foods does not dispute that its relevant "Consent and Release of Information Authorization", a true and correct copy of which is attached hereto as Exhibit B, contains a simple liability release/waiver provision. Plaintiff signed the "Consent and Release of Information Authorization" on March 11, 2011, which authorizes Defendant "to procure a consumer report on [Plaintiff] as part of a process of consideration as an employee." Exhibit B. It also then includes the allegedly offensive waiver/release language as follows: "I release all parties from liabilities for any damages which may result from the disclosure of any information outlined herein."

However, the specific statute relied upon by Plaintiff as referencing the FCRA's authorization requirement, and which Plaintiff alleges Defendant violated with regard to its attached authorization form, 15 U.S.C. § 1681b(b)(2)(A)(ii), states that an employer may not procure a consumer report unless "the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of a report by that person." It contains no language that the authorization to procure a consumer report be set forth "in a document that consists solely of the" authorization, as it does with regard to the disclosure requirement of 15 U.S.C. § 1681b(b)(2)(A)(i). The statute, on its face, only requires the applicant or employee to authorize the procurement of a consumer report before the consumer

report is actually procured. Any other reading of that statute, as would be necessary to sustain the instant claim(s), conflates the disclosure requirement of 15 U.S.C. § 1681b(b)(2)(A)(i) with the lack of such language in 15 U.S.C. § 1681b(b)(2)(A)(ii), and attempts to graft this alleged requirement onto 15 U.S.C. § 1681b(b)(2)(A)(ii) where it does not otherwise exist. Should Plaintiff intend to rely upon a plain reading of the statute in support of his alleged claims against Whole Foods, then he also must accept a plain reading of the statute when it works contrary to his claims.

Simply, had Congress intended to include the same "solely" language with regard to the authorization, as it clearly knew how to do (based on the "solely" language of the disclosure requirement), it would have and could have done so. Instead, however, Congress chose not to and Plaintiff cannot create such a requirement where one does not otherwise exist. Therefore, the inclusion of the allegedly offensive liability waiver/release in the Plaintiff's signed authorization for Whole Foods to procure a consumer report on him does not even create a question as to whether the authorization complies with the FCRA. It does comply, and Plaintiff, on behalf of himself and the putative class, cannot maintain a claim to the contrary.

### 3. All of Plaintiff's Claims should be dismissed, with prejudice, because he cannot possibly prove a willful violation based on the facts alleged and the actual documents at issue.

The FCRA contains no provision barring separate liability release(s) or waiver(s) and undersigned counsel is aware of no case holding that an otherwise-compliant stand-alone FCRA disclosure is somehow rendered non-compliant based on the employer's inclusion of a liability release or waiver in a document other than the disclosure. Moreover, even in situations unlike the instant matter, *i.e.*, where the stand-alone disclosure also includes a liability release/waiver, courts have reached different conclusions regarding the disclosure's compliance (or lack of

9

compliance) with the FCRA. For example, in *Smith v. Waverly Partners, LLC*, No. 3:10-cv-00028-RLV-DSC, 2012 WL 3645324, *6 (W.D.N.C. Aug. 23, 2012), the District Court held, in dismissing the plaintiff's FCRA claim with prejudice, that a single-sentence release/waiver within a combined disclosure and authorization form "was not so great a distraction as to discount the effectiveness of the disclosure and authorization statements." Regardless, in the instant case, Plaintiff alleges a claim for statutory damages, has not alleged any actual damages, and bases his claims on the theory discussed above that Whole Foods willfully violated a non-existent statutory proscription.

Where a plaintiff "[does] not allege actual damages; to recover, he must prove that [defendant's] violation [of the FCRA] was willful." *Buechler v. Keyco, Inc.*, No. 09-cv-2948, 2010 WL 1664226, at *2 (D. Md. Apr. 22, 2010); *Zaun v. Al Vento Inc.*, No. 11-CV-2024, 2013 WL 268930, at *1 (D. Minn. Jan. 24, 2013) (complaint "was required" to allege that "[an FCRA] violation was willful … in light of the fact that there were no actual damages suffered"). In light of the U.S. Supreme Court's standard to prove willfulness under the FCRA, as articulated in *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68-69 (2007), the Complaint demonstrates that Plaintiff cannot possibly meet that burden.

First, *Safeco* stands for the proposition that a determination of willfulness is a legal issue that may be properly determined by the District Court as a matter of law. *Safeco*, 551 U.S. at 71; *Syed v. M-I LLC*, No. 1:14-742 WBS BAM, 2014 WL 5426862 (E.D. Cal. October 23, 2014) (citing *Van Straaten v. Shell Oil Prods. Co.*, 678 F.3d 486, 490-91 (7th Cir. 2012) (stating that the *Safeco* Court "treated willfulness as a question of law")). Therefore, the issue may be decided on a motion to dismiss. *Cf. Safeco; Syed; see also Long v. Tommy Hilfiger U.S.A., Inc.,* 671 F.3d 371, 378 (3d Cir. 2012) (affirming dismissal upon a motion to dismiss because a defendant's

interpretation "although erroneous, was at least objectively reasonable"); *Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 803 (7th Cir. 2010) (affirming dismissal upon a motion to dismiss in part because there could be no finding of willfulness under the facts alleged).

The *Safeco* Court held that intent to violate the statute is not necessarily required; recklessness may be enough to prove willfulness. The Court then articulated its recklessness as willfulness standard with the following general guidance:

> [A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

551 U.S. at 68-69 (2007) (citations and footnotes omitted). The Court held that whether an employer's actions are "reasonable" and therefore not reckless should be "assess[ed] … in light of legal rules that were 'clearly established' at the time." In support of its finding that the defendant had not been reckless, the *Safeco* Court cited three factors; specifically [1] that the text of the FCRA was silent on the particular issue, [2] no court of appeals had spoken on the issue; and [3] a contrary FTC staff opinion was insufficient to establish recklessness. *Id.* at 69, 70, 70 n. 19.

All three of the foregoing factors are present here in favor of Defendant. With regard to the first factor, that the text of the FCRA was silent on the issue, this analysis is set forth above. Specifically, nowhere does the FCRA require that an authorization consist "solely" of the authorization and not include any other language (as opposed to a stand-alone/sole-document disclosure). With regard to the second factor, Defendant is unaware of any appellate opinion standing for the legal theory of liability posited by Plaintiff (and consistent with the actual documents referenced in Plaintiff's Complaint). Moreover, the only District Court opinion cited by Plaintiff in support of his claim for willfulness is inapposite to the instant set of alleged facts

11

and does not even address Plaintiff's actual legal theory. *See E.E.O.C. v. Video Only, Inc.*, No. 06-1362-KI, 2008 WL 2433841 at *11 (D. Or. Jun. 11, 2008) (involving the insertion of an FCRA disclosure into an employment application). And, with regard to the third factor, the alleged "longstanding" and "unambiguous regulatory guidance from the Federal Trade Commission" alleged by Plaintiff in his Complaint and in support of his position is unidentified and, frankly, unidentifiable. As addressed below in the context of the *Syed* opinion (which refers back to the *Safeco* opinion), any actual guidance or instruction from the FTC came in the form of informal and non-binding staff opinions.

In fact, even if the liability waiver/release was included in Whole Foods' "Disclosure Statement", which it was not, the *Syed v. M-I LLC*, No. 1:14-742 WBS BAM, 2014 WL 5426862 (E.D. Cal. October 23, 2014) case is particularly instructive in light of the timing of the alleged violations in that matter and the instant case, *i.e.*, from 2011.[3] Specifically, in determining there could be no willfulness on the part of the employer by including a liability waiver/release in its one-page FCRA "Pre-Employment Disclosure and Release", the *Syed* Court summarily dismissed any reliance on FTC opinion letters, stating that "[t]hese letters lack the authority needed to support plaintiff's allegation post-*Safeco*." *Syed v. M-I LLC*, No. 1:14-742 WBS BAM, 2014 WL 5426862, *3 (E.D. Cal. October 23, 2014). Moreover, the District Court in *Syed* concluded that other District Court opinions cited by the Plaintiff also could not support a finding of recklessness/willfulness on the part of the defendant because all of the decisions were issued after that defendant used its form in 2011.

---

[3] In *Syed*, on or about July 20, 2011, the plaintiff therein filled out and signed a one-page form entitled "Pre-Employment Disclosure and Release", which included the following language, "I understand that the information obtained will be used as one basis for employment or denial of employment. I hereby discharge, release, and indemnify prospective employer, PreCheck, Inc., their agents, servants, and employees, and all parties that rely on this release and/or the information obtained with this release from any and all liability and claims arising by reason of the use of this release and dissemination of information that is false and untrue if obtained by a third party without verification. It is expressly understood that the information obtained through the use of this release will not be verified by PreCheck, Inc." *Syed,* at *1.

The Court concluded that the cases regarding inclusion of a release in a disclosure "could not have warned [defendant] away from the view it took under the *Safeco* standard if they had not yet come into existence. None of the legal authority cited by plaintiff suffices to make [defendant's] understanding of its obligation under the FCRA at the relevant time objectively unreasonable. Given this 'dearth of authority' and the 'less-than-pellucid' statutory text, the court finds no support for plaintiff's allegation of willfulness and it must grant [defendant's] motion to dismiss." *Id.* at *3-4. So, as in *Syed*, because the form(s) at issue in this case are from early 2011, pre-date the form even at issue in *Syed*, and pre-date any actual guidance on these issues as required for a finding of willfulness, to the extent there even is any to this day, Plaintiff cannot possibly prove a willful violation of the FCRA.

Finally, the case of *Reardon v. ClosetMaid Corp.*, No. 2:08-cv-01730, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013) provides additional guidance in a two-form situation such as this, and further supports dismissal with prejudice. In the *Reardon* case, the defendant/employer obtained both a signed FCRA "Notice Form" and a signed "Authorization Form" from the named plaintiff therein. *Id.* at *6. The "Notice Form" did not include a liability release/waiver, but the "Authorization Form" did. *Id.* The Court concluded that the "Notice Form" was an FCRA-compliant disclosure document, but that the "Authorization Form" was non-compliant as a disclosure because it contained the liability release/waiver. *Id.* Because the named plaintiff therein signed both forms, *i.e.*, she received and signed at least one compliant FCRA disclosure form, summary judgment was granted in favor of the defendant/employer with regard to her claims and as to the claims of any/all other members of the class who received and signed both forms. *Reardon,* 2013 WL at *6. Only the claims of the certified class members who received and signed only the non-compliant "Authorization Form" were permitted to proceed. *Id.* The

liability waiver/release determined to be non-compliant in that case did not taint and/or render non-compliant the otherwise compliant FCRA disclosure at issue.

Given the allegations in Plaintiff's Complaint, Plaintiff cannot establish a violation of the FCRA, much less a willful violation of the FCRA under the standard established by the U.S. Supreme Court in *Safeco*. Accordingly, the Court should dismiss Plaintiff's Complaint with prejudice. *See Bell Atl. v. Twombly*, 550 U.S. 544, 563 (2007) (complaint should be dismissed where there is no set of facts, consistent with the allegations in the complaint, that could establish liability).

## CONCLUSION

The Court should dismiss Plaintiff's Class Action Complaint with prejudice for any or all of the reasons stated above.

Respectfully submitted,

**LUKS, SANTANIELLO**
**PETRILLO & JONES**
100 N. Tampa Street, Suite 2120
Tampa, FL 33602
Tel:813/226-0081; Fax:813/226-0082
Counsel for Defendants

**/s/Michael H. Kestenbaum**
**ANTHONY J. PETRILLO, ESQ.**
Florida Bar No. 874469; ajp@ls-law.com
**MICHAEL H. KESTENBAUM, ESQ.**
Florida Bar No. 767301; mkestenbaum@ls-law.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on January 20, 2015, a true and correct copy of the foregoing Defendant's Motion to Dismiss Plaintiff's Class Action Complaint and Memorandum of Law was filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to: Luis A. Cabassa, Esq. and Brandon J. Hill, Esq., Wenzel Fenton Cabassa, P.A., 1110 N. Florida Avenue, Suite 300, Tampa, FL 33602, bhill@wfclaw.com, lcabassa@wfclaw.com, Counsel for Plaintiff, via the CM/ECF system.

                                                    **s/ Michael H. Kestenbaum**
                                                    Attorney