**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

COLIN SPEER, on behalf of himself
and all similarly-situated individuals,

      Plaintiff,

v.                                      CASE NO: 8:14-cv-3035-T-26TBM

WHOLE FOOD MARKET GROUP, INC.,

      Defendant.

_____/

## O R D E R

Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended

Complaint (Dkt. 16) and Plaintiff's Response in Opposition (Dkt. 33). After careful

consideration of the allegations of the First Amended Complaint (Dkt. 14), the argument

of the parties, and the applicable law, the Court concludes the motion should be denied.

### PERTINENT ALLEGATIONS

Plaintiff Colin Speer brings this lawsuit on behalf of himself and others similarly

situated against Whole Foods for violations of the Fair Credit Reporting Act (the FCRA).

Plaintiff worked for Defendant Whole Foods Market Group, Inc. (Whole Foods) in

Tampa, Florida, until June 20, 2013, when he was terminated.[1] Whole Foods "conducts

---

[1] See docket 14, para. 20. The complaint does not state the date on which
Plaintiff began working for Whole Foods.

background checks on many of its job applicants as part of a standard screening process."[2]   It also conducts background checks "on existing employees from time-to-time during the course of their employment"[3] through a third party, LexisNexis, which gathers and reports this information.[4]

The applicant must first read and sign two forms: a "Disclosure Statement," and the "Consent and Release of Information."[5]  The disclosure form provides in pertinent part:

> By this document [Whole Foods] discloses to you that a consumer report regarding your credit history, criminal history and other background information and/or an investigative consumer report containing information as to your character general reputation, personal characteristics and/or mode of living may be obtained from personal interviews or other sources in connection with your application for employment for any purpose at any time during your employment.[6]

The consent form provides in relevant part:

> I further understand and authorize [Whole Foods] or those authorized by them to procure a consumer report on me as part of a process of consideration as an employee .  .  .  I

---

[2]  See docket 14, para. 25.

[3]  See docket 14, para. 25.

[4]  See docket 14, para. 26.

[5]  See docket 14, para. 32 & Exhs. A & B.

[6]  See docket 14, Exh. A.

release all parties from liability for any damages which may
result from the disclosure of any information outlined herein.[7]

Plaintiff alleges that Whole Foods intends for the disclosure form to satisfy 15 U.S.C. § 1681(b)(2)(A)(i), but the simultaneous presentation of the consent form to the applicant "renders [the disclosure form] meaningless in terms of FCRA compliance."[8] "The mere fact that the documents are both single page documents does not *ipso facto* make Defendant's [disclosure form] compliant with the FCRA."[9]  Plaintiff alleges that the consent form is both an authorization to procure a consumer report and a release, violative of the FCRA, because both the disclosure and consent forms must be read and reviewed at the same time.[10]

In this class action, Plaintiff alleges in Count I violations of the FCRA for failure to make proper disclosure, and in Count II, violations for failure to obtain proper authorization.  The First Amended Complaint seeks statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), and punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).[11]

---

[7]   See docket 14, Exh. B.

[8]   See docket 14, para. 11.

[9]   See docket 14, para. 9.

[10]   See docket 14, para. 14.  ("Plaintiff and the putative class were not provided with a stand-alone FCRA document because at the same time they were presented with [the disclosure statement], they were also forced to release their rights under [the consent form]."

[11]   See docket 14, paras. 51 & 57.

Plaintiff alleges the violations were willful because Whole Foods "knew it was required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on the Background Check Class members."[12]  Whole Foods allegedly "knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute."[13] Plaintiff further alleges that the outside reporting company that Whole Foods engaged posted FCRA-related articles, self-help materials, and examples of forms online.[14]

Defendant now seeks to dismiss based on three grounds: (1) the exhibits attached to the complaint contradict the allegations that the disclosure form fails to comply with § 1681b(b)(2)(A)(i); (2) the exhibits attached to the complaint contradict the allegations that the consent form fails to comport with the proper authorization to procure a consumer report under § 1681b(b)(2)(A)(ii); and (3) the allegations supporting a willful violation do not meet the standard as espoused in Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007).

## STANDARD OF DISMISSAL

---

[12]  See docket 14, paras. 48 & 55.

[13]  See docket 14, paras. 49 & 56.

[14]  See docket 14, paras. 49 & 56.

A complaint sought to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) will survive the motion if it contains sufficient facts, which must be accepted as true,[15] to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  To survive a motion to dismiss under Twombly, a complaint's factual allegations, if assumed to be true, "must be enough to raise the right to relief above the speculative level." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965.  Rule 8 does not require detailed factual allegations, but the complaint must offer more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

## DISCLOSURE

Defendant argues that the disclosure form attached to the complaint is a stand-alone document, which comports with the FCRA's disclosure requirements to procure a consumer report.  Section 1681b(b)(2)(A)(i) provides in full:

> (b) Conditions for furnishing and using consumer reports for employment purposes
> . . . .
> (2) Disclosure to consumer
> (A) In general

---

[15]   "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

> Except as provided in subparagraph (B), a person may not
> procure a consumer report, or cause a consumer report to be
> procured, for employment purposes with respect to any
> consumer, unless–
> (I) a clear and conspicuous disclosure has been made in
> writing to the consumer at any time before the report is
> procured or caused to be procured, in a document that consists
> solely of the disclosure, that a consumer report may be
> obtained for employment purposes

Plaintiff argues that both the disclosure and waiver forms must be read as one and relies on many cases for the proposition that a waiver of rights may not be included in a disclosure form.  See Milbourne v. JRK Residential Amer., LLC, No. 3:12-cv-861, 2015 WL 1120284, at *4-5 (E.D. Va. Mar. 11, 2015); Avila v. NOW Health Group, Inc., No. 14-C-1551, 2014 WL 3537825, at *2 (N.D. Ill. July 17, 2014); Singleton v. Domino's Pizza, LLC, No.  2012 WL 245965, at *7-9 (D. Md. Jan. 25, 2012); Reardon v. Closetmaid Corp., No. 2:08-cv-1730, 2013 WL 6231606, at *10-11 (W.D.Pa. Dec. 2, 2013); EEOC v. Video Only, Inc., No. 06-1362-KI, 2008 WL 2433841, at *11 (D. Or. June 11, 2008).  Defendant relies on Smith v. Waverly Partners, LLC, No. 2:10-cv-28-RLV-DSC, 2012 WL 3645324 (W.D. N.C. Aug. 23, 2012).

     The above-cited cases appear to involve disclosure documents that include a waiver or release of rights under the FCRA.  In those cases, not all of which were decided on a motion to dismiss, the same document contained both a disclosure that a report may be procured and a release of any right to damages which may result from the information revealed in the consumer report.  In the instant case, Plaintiff alleges that the disclosure

form and the consent form were in fact one document or application that was read and signed by the applicant at the same time.  Thus, alleges Plaintiff, the inclusion of the waiver along with the disclosure violated the FCRA.  While Defendant asks this Court to consider on a motion to dismiss that the documents are free-standing, with the waiver appearing in a separate document, this Court cannot consider facts outside the complaint or its attachments.  Based on the allegations, with all inferences drawn in favor of Plaintiff, if both the disclosure and the consent forms combined and read as one document with the waiver and release included simultaneously with the disclosure, the complaint states a claim fo r relief.  See Avila (denying motion to dismiss where plaintiff signed two documents, one including a statement that the employer will obtain a background report and the other containing both an authorization to obtain background and a liability release).[16]  As such, the complaint withstands dismissal.

## AUTHORIZATION

Defendant argues that Plaintiff has failed to allege a claim based on a violation of 15 U.S.C. § 1681b(b)(2)(A)(ii),[17] because subsection (ii) does not contain the same language as the first subsection, which requires that disclosure be made in one document

---

[16]  See also Miller v. Quest Diagnostics, No. 2:14-cv-4278-SRB, 2015 WL 545506, at *3 (W.D. Mo. Jan 28, 2015) (denying motion to dismiss and citing Avila).

[17]  15 U.S.C. § 1681b(b)(2)(A)(ii) provides that, with certain exceptions, a consumer report for employment may not be obtained unless "(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person."

consisting solely of the disclosure.  The inclusion of authorization information in a

disclosure document that violates § 1681b(b)(2)(A)(i) also violates § 1681b(b)(2)(A)(ii).

Cf. Singleton, 2012 WL 245965, at *10 (noting that "the plain language of § 1681b(b)(2)

indicates that inclusion of a liability release in a disclosure form violates the FCRA's

disclosure and authorization requirements").  Based on Plaintiff's allegations that both

forms constituted one combined form, Count II states a claim for relief.

### WILLFUL VIOLATION

Defendant takes issue with the sufficiency of the allegations pertaining to whether

Plaintiff willfully violated the FCRA, which gives rise to statutory damages pursuant to

15 U.S.C. § 1681n.[18]  The word "willfully" includes reckless violations as well as

knowing violations of the FCRA.  Safeco, 551 U.S. at 57-58, 127 S. Ct. at 2208-09.

Reckless violations include those occurring "under a reasonable reading of the statute's

terms" and "show[ing] that the company ran a risk of violating the law substantially

greater than the risk associated with a reading that was merely careless."  Safeco, 551

U.S. at 61, 127 S.Ct. at 2215.  The court looks at whether the reading was "objectively

unreasonable."

---

[18]   15 U.S.C. § 1681n(a)(1)(A) provides in pertinent part:
   Any person who willfully fails to comply with any
   requirement imposed under this subchapter with respect to
   any consumer is liable to that consumer in an amount equal to
   the sum of .  .  .  any actual damages sustained by the
   consumer as a result of the failure or damages of not less than
   $100 and not more than $1,000[.]

Safeco, unlike the case at hand, was decided in the context of a review of a grant of summary judgment.  It is the reckless disregard of the statutory duties that renders FCRA violations willful.  See In re TJX Cos., No. 07-md-1853-KHV, 2008 WL 2020375, at *2 (D. Kan. May 9, 2008) (citing Safeco).  Plaintiff's allegation that Defendant "knew it was required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report" dovetails with its allegations that the forms used by Defendant were in fact combined as one.  The allegations that Defendant had access to legal advice and guidance from the Federal Trade Commission yet it knew that its conduct was inconsistent with that guidance and the plain terms of the statute, are sufficient to withstand attack at this stage of the proceedings on a motion to dismiss.  See, e.g., Avila, 2014 WL 3537825, at *3; Singleton, 2012 WL 245965, at *9-10.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 16) is **DENIED.**  Defendant shall file its answer and defenses to the First Amended Complaint within ten (10) days.

**DONE AND ORDERED** at Tampa, Florida, on March 30, 2015.


s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

-9-