UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
<u>TAMPA DIVISION</u>

COLIN SPEER,                                          CASE NO. 8:14-CV-3035-RAL-TBM

      Plaintiff,

v.

WHOLE FOODS MARKET GROUP, INC.,

      Defendant.

_____/

## **DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING OUTCOME OF UNITED STATES SUPREME COURT RULING AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rules of Civil Procedure 23, 62 and Local Rule 3.01, Defendant, WHOLE FOODS MARKET GROUP, INC. ("Defendant" or "Whole Foods"), by and through undersigned counsel, respectfully moves this District Court to stay all proceedings in the instant putative class action lawsuit brought by Plaintiff, COLIN SPEER, on behalf of himself and all similarly-situated individuals, until such time as relevant and dispositive issues are ruled on by the United States Supreme Court in *Spokeo, Inc. v. Robins, Thomas*, Case No. 13-1339, *cert. granted* (April 27, 2015). In support of this request, Defendant states as follows:

### **MOTION TO STAY PROCEEDINGS**

1.      Yesterday, April 27, 2015, the United States Supreme Court granted the petition for writ of certiorari in *Spokeo, Inc. v. Robins, Thomas*, Case No. 13-1339, *cert. granted* (U.S.). See, *Spokeo, Inc. v. Robins*, Thomas, 2015 WL 1879778 (U.S.), attached hereto as Exhibit A.

2.      The *Spokeo* case involves an identical issue of standing and/or subject matter jurisdiction, *i.e.,* whether the plaintiff is even entitled to open the courthouse doors, as currently faces the instant Plaintiff, Colin Speer (and all potential similarly-situated class members).

Specifically, the *Spokeo* petition for writ of certiorari, which has now been granted, sets forth the following question:

> Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.

*Spokeo, Inc. v. Robins, Thomas*, App. Pet. for Writ, 2015 WL 1802228 (May 1, 2014), attached hereto as Exhibit B.

3.     Simply, the now-granted *Spokeo* petition poses a critical question that may determine the future scope of congressional power, as well as consumer and workplace-related class actions:  Does a plaintiff who suffers no concrete harm, but who instead alleges only a statutory violation, have standing to bring a claim on behalf of himself or a class of individuals? This question, which is key to this District Court's resolution of the instant matter, will soon be answered.

4.     Specifically, Plaintiff Colin Speer brings this putative class action lawsuit against Defendant on behalf of himself and an undetermined number of other purported class members who are allegedly similarly-situated for alleged violations of the Fair Credit Reporting Act (FCRA).

5.     As alleged in Plaintiff's First Amended Complaint, Whole Foods employed the Plaintiff, Colin Speer, for a period of time and until on or about June 20, 2013.  Notably, Plaintiff Speer does not allege the termination of his employment was at all related to any purported violation of the FCRA, nor does he allege any actual harm. (First Amended Complaint, D.E. #14, ¶20.)

6.     Instead, Plaintiff's First Amended Class Action Complaint alleges Defendant failed to comply with the FCRA based on the language contained in Defendant's "Disclosure

2

Statement" and "Consent and Release of Information," two separate documents allegedly provided to Plaintiff by Defendant in conjunction with Plaintiff's application for employment.

7.     Significantly, Plaintiff has not alleged any actual damages, but instead seeks only statutory damages (along with punitive damages and attorney's fees) as a result of the alleged statutory violation by way of this lawsuit.  Plaintiff has raised no allegation that the wrong or damages allegedly incurred are ongoing.

8.     Therefore, because only statutory damages are at issue, as is the issue raised by the (now-granted) petition for writ of certiorari in the *Spokeo* case, this lawsuit should be stayed pending the United States Supreme Court's resolution of the *Spokeo* case, which ruling will directly bear upon whether Plaintiff, individually or as a class representative, and/or the alleged similarly-situated class members, even have standing to maintain this lawsuit.

## MEMORANDUM OF LAW

On April 27, 2015, the United States Supreme Court granted the petition for writ of certiorari in *Spokeo, Inc. v. Robins, Thomas*, Case No. 13-1339, *cert. granted* (U.S.), which involves issues and questions identical to the issues and questions pending before this District Court in the instant lawsuit.  Specifically, the *Spokeo* petition presents the following question for determination:

> Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.

*Spokeo, Inc. v. Robins, Thomas*, App. Pet. for Writ, 2015 WL 1802228 (May 1, 2014), attached hereto as Exhibit B. In *Spokeo*, the Ninth Circuit described the issue before the Court as "whether violations of statutory rights created by the FCRA are 'concrete, *de facto* injuries' that Congress can so elevate." *Robins v. Spokeo, Inc.,* 742 F.3d 409 (9th Cir. 2013). Clearly

applicable and analogous to the issues presented in the instant lawsuit, this question presented bears upon Plaintiff Speer's standing to maintain his cause of action and this Honorable Court's subject matter jurisdiction over same. Should the Supreme Court answer the question presented in the negative, this lawsuit would be entirely moot because Plaintiff would not have standing to pursue it and the Court would not have subject matter jurisdiction to rule on the issues of law presented.  Accordingly, in the interests of judicial economy and consistency, it would be unjust and improper to proceed with this litigation, potentially awarding Plaintiff (and the potential putative class) the prayed-for relief of monetary damages, in a matter where Plaintiff may soon lose any claim to standing.  Therefore, the only reasonable means to proceed is to stay these proceedings until such time as the Supreme Court has issued its ruling in *Spokeo*.

Courts have the inherent power to stay proceedings pending the decision of a ruling by the U.S. Supreme Court in another case. *Lair v. Murry*, 871 F.Supp.2d 1058, 1068 (D. Mont. 2012) (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). In exercising this discretion, courts consider the following factors: (1) stays should not be indefinite in nature and should not be granted unless it appears likely the other proceeding will be concluded within a reasonable time; (2) court more appropriately enter stay orders where a party seeks only damages, does not alleged continuing harm, and does not seek injunctive or declaratory relief since a stay would result only in delay in monetary recovery; (3) stays may be appropriate if resolution of issues in the other proceedings would assist in resolving the proceeding sought to be stayed; and (4) stays may be appropriate for courts' docket efficiency and fairness to the parties pending resolution of independent proceedings that bear upon the case. *Lair*, 871 F.Supp.2d at 1068 (*citing McCollough v. Minn. Laws. Mut. Ins. Co.*, 2010 WL 441533 at *4).

4

In the instant lawsuit, the consideration of the relevant factors clearly weighs in favor of staying these proceedings. First, while a precise duration cannot be specified, the stay would not be indefinite whereas the Supreme Court has already granted the writ of certiorari, indicating a ruling will be forthcoming in the near future.  Next, the Plaintiff, and putative class, are seeking monetary damages only and have not alleged an actual and/or continuing harm. Therefore, there is no interest in reaching a speedy resolution where the statutory damages to each individual claimant are not compensable in nature and there is no alleged ongoing harm that must be prevented.   Further, it is clear that resolution of the *Spokeo* matter will bear directly upon the instant matter; in fact, if the question presented is answered in the negative, it would not just answer an issue to be considered in the instant litigation; rather, it would effectively moot the entire lawsuit by eliminating Plaintiff's claim to standing. And finally, it would be unjust and unreasonably burdensome to proceed in litigating this action, which necessarily involves extensive class-related and substantive discovery, as well as including an undetermined number of class members, only to eventually become subject to Supreme Court precedent removing Plaintiff's standing.

In short, the circumstances underlying this Motion for Stay of Proceedings are precisely those contemplated in granting courts authority to stay proceedings pending the outcome of another case before the United States Supreme Court.  A stay of all proceedings is the only method of ensuring that the interested parties and courts are not subjected to extensive and costly litigation that may ultimately become moot.

## CONCLUSION

The Court should grant this Motion, ordering a stay of all proceedings in the instant matter pending resolution of the question presented in *Spokeo, Inc. v. Robins, Thomas*, Case No. 13-1339, *cert. granted* (U.S.).

### Local Rule 3.01(g) Certification

I hereby certify that I conferred with opposing counsel who, at this time, does not agree to the relief requested.

Respectfully submitted,

**LUKS, SANTANIELLO**
**PETRILLO & JONES**
100 N. Tampa Street, Suite 2120
Tampa, FL 33602
Tel:813/226-0081; Fax:813/226-0082
Counsel for Defendant

**/s/Michael H. Kestenbaum**
**ANTHONY J. PETRILLO, ESQ.**
Florida Bar No. 874469; ajp@ls-law.com
**MICHAEL H. KESTENBAUM, ESQ.**
Florida Bar No. 767301; mkestenbaum@ls-law.com

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on April 28, 2015, a true and correct copy of the foregoing Defendant's Motion to Dismiss Plaintiff's First Amended Class Action Complaint and Memorandum of Law was filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to: Luis A. Cabassa, Esq. and Brandon J. Hill, Esq., Wenzel Fenton Cabassa, P.A., 1110 N. Florida Avenue, Suite 300, Tampa, FL 33602, bhill@wfclaw.com, lcabassa@wfclaw.com, Counsel for Plaintiff, via the CM/ECF system.

**s/ Michael H. Kestenbaum**
Attorney