## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

COLIN SPEER, on behalf of himself and
all similarly situated individuals,

    Plaintiff,

v.                                               CASE NO: 8:14-cv-3035-T-26TBM

WHOLE FOOD MARKET GROUP, INC.,

    Defendant.
_____/

## O R D E R

**UPON DUE CONSIDERATION**, it is ordered and adjudged that the Defendant's Motion to Stay Proceedings Pending Outcome of United States Supreme Court Ruling (Dkt. 45) is denied.[1]  As the Eleventh Circuit Court of Appeals observed in an analogous legal context in which it vacated a stay of execution issued by a district court based on a grant of certiorari by the Supreme Court in a different case, "[t]he grant of certiorari on an issue does not suggest a view on the merits.  We don't know how the Supreme Court is going to decide the issues on which it has granted review in the Baze case, and the Supreme Court probably does not know given the fact that briefing has not even been completed in that case." Schwab v. Sec'y, Dep't of Corr., 507 F.3d 1297, 1299 (11th Cir. 2007); see also Gissendaner v. Comm'r , Ga. Dep't of Corr., 779

---

[1] In view of this disposition of the motion, the Court needs no response from the Plaintiff.

F.3d 1275, 1284 (11th Cir. 2015) (stating that "[o]ur decision in Schwab is the latest in a long line of cases refusing to assign precedential significance to grants of certiorari.") (citations omitted).

So, too, in this case, this Court will assign no precedential significance to the fact that the Supreme Court has granted certiorari in a case in which the Defendant claims presents an issue which will ultimately affect the outcome of whether the Plaintiff has Article III standing to bring this lawsuit not only on his own behalf but on behalf of those similarly situated to him. As in Schwab, this Court has no way of divining whether the Supreme Court will decide the Spokeo case in such a manner as to benefit the Defendant's position with regard to the Plaintiff's lack of standing to pursue this case for himself and those similarly situated to him. The Court concludes, therefore, consistent with established Eleventh Circuit precedent that a grant of certiorari by the Supreme Court does not change the law[2] and does not constitute new law,[3] that a stay of these proceedings to await a decision from the Supreme Court in Spokeo is not warranted.

**DONE AND ORDERED** at Tampa, Florida, on April 29, 2015.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[2] See Rutherford v. McDonough, 466 F.3d 970, 977 (11th Cir. 2006).

[3] See Ritter v. Thigpin, 828 F.2d 662, 665-66 (11th Cir. 1987).