UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLIN SPEER, on behalf of himself and all
similarly situated individuals,

    Plaintiff,

v.                                            CASE NO.  8:14-cv-3035-T-26TBM

WHOLE FOODS MARKET GROUP, INC.,

    Defendant.
_____/

**ORDER REFERRING CASE TO MEDIATION**
**AND DIRECTING SELECTION OF A MEDIATOR**

**UPON DUE CONSIDERATION** of the Joint Motion for Referral to Mediation (Dkt. 47), the Court **grants** the motion. In accordance with the rules governing mediation set forth in Chapter Nine of the Rules of the United States District Court for the Middle District of Florida, it is **ORDERED AND ADJUDGED** as follows:

    1.    **Referral to Mediation**:  This case is hereby referred to the Court-Annexed Mediation program for a mediation conference in an attempt to achieve an equitable settlement of the issues.  The parties shall immediately select a Mediator,[1] and Lead Counsel (see ¶ 3) is directed to file with the Clerk of Court, **on or before May 15, 2015**, a *Notice of Mediator Selection and Scheduling of Mediation* which:  (a) identifies

---

[1] Counsel are encouraged to consult this Court's list of Certified Mediators, available through the Clerk of Court.

the selected Mediator and includes complete address, telephone and facsimile (if available) information, and (b) sets forth the time, date and place of the scheduling for the mediation conference. ***A "courtesy copy" shall be e-mailed to Chambers at Chambers_FLMD_Lazzara@flmd.uscourts.gov.*** If the Court finds the selected Mediator acceptable, the Court will issue an **Order Appointing a Mediator**. *However*, if the parties fail to select a Mediator or do not notify the Court of such selection by the above-designated date, the Court will *sua sponte* and without further notice select an individual to serve as Mediator and issue the appointment.

      2.    **Scheduling Mediation Conference**:  The mediation conference may be conducted any time **on or before July 3, 2015**.

      3.    **Designation of Lead Counsel**:  Luis A. Cabassa, Esq., of Wenzel Fenton Cabassa, PA, is designated as Lead Counsel, and shall be responsible for working with the Mediator and all other counsel, as well as any *pro se* parties if applicable, to schedule the mediation conference within the window of time set forth in ¶ 2 above.

      4.    **General Rules Governing the Mediation Conference**:  Although the mediation process is defined in greater detail in Chapter Nine of the Local Rules of this Court, the following additional guidelines are hereby imposed:

> (a)    **Case Summaries**:  Not later than <u>five (5) working days</u> prior to the scheduled mediation conference, each party shall mail (or transmit by facsimile) directly to the Mediator, with copy to opposing counsel, a brief written summary of the facts and issues of the case. **Such summaries shall be treated as confidential**

**communications and shall <u>not</u> be incorporated into the public records of the case**.

  (b) <u>**Identification of Corporate and/or Claims Representatives**</u>: As part of the written case summaries, counsel for corporate parties and claims professionals shall state the name and general job description of the employee or agent of the corporation <u>who will attend</u> and participate on behalf of the corporate party. **Such representative <u>must</u> have full authority to settle the case**.

  (c) <u>**Authority of the Mediator**</u>: The Mediator shall have authority to consult and conduct conferences and private caucuses with counsel, individual parties, corporate representatives and claims professionals so as to suggest alternatives, analyze issues, question perceptions, use logic, stimulate negotiations and keep order.

  (d) <u>**Authority to Declare Impasse**</u>: While an average mediation conference takes between three to five hours, participants shall be prepared to spend as much time as necessary in a good faith effort to settle the case or until an impasse is declared by the Mediator.

  (e) <u>**Mediator's Report**</u>: In order avoid unnecessary expenditure of judicial resources respecting pending motions, etc., within **<u>five (5) days</u>** following the mediation conference, the Mediator *shall file with the Clerk of Court* a "Mediation Report" setting forth the results thereof.

  5. <u>**Compensation of the Mediator**</u>: The Mediator shall be compensated at the mediator's prevailing hourly rate, which, unless otherwise agreed to by counsel, shall be borne equally by all parties and payable immediately upon the conclusion of mediation. The parties shall comply with any reasonable cancellation policy established by the mediator.

3

6. **Conduct of the Case**: Should mediation prove unsuccessful, the case shall remain on its present course for pretrial conference and trial. Defendant must respond to Plaintiff's pending Motion for Class Certification (Dkt. 20) **on or before July 17, 2015**.

**DONE AND ORDERED** at Tampa, Florida, on May 4, 2015.

       s/*Richard A. Lazzara*
       **RICHARD A. LAZZARA**
       **UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record
*Pro se* party, if any